John D. Vaughn, State Bar No. 171801
Christopher W. Rowlett, SBN 257357
PEREZ VAUGHN & FEASBY Inc.
600 B Street, Suite 2100
San Diego, California 92101
Telephone: 619.784.3550
Facsimile: 619.460.0437
E-Mail: vaughn@pvflaw.com

*Attorneys for Defendant*
Electronic Control Systems, LLC

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEKSANDR POVARNITSON, individually and onbehalf of all other similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>**ELECTRONIC CONTROL SYSTEMS, LLC,** a Delaware limited liability company dba **ALBIREO ENERGY, LLC**; and DOES 1-50,<br><br>    Defendants. | Case No. 3:21-cv-01948-AJB-JLB<br><br>**ANSWER OF DEFENDANT ELECTRONIC CONTROL SYSTEMS, LLC TO PLAINTIFF ALEKSANDR POVARNITSON'S INDIVIDUAL AND CLASS ACTION COMPLAINT**<br><br>*Hon.* Anthony J. Battaglia<br>Courtroom 4A<br><br><br>Complaint Filed: October 13, 2021 |

Defendant Electronic Control Systems, LLC ("ECS" or "Defendant"), through its counsel, answers the Individual and Class Action Complaint (the "Complaint") of Plaintiff Aleksandr Povarnitson ("Plaintiff" or "Povarnitson") as set forth below.  ECS's responses to the factual allegations in the Complaint reflect the knowledge, information, or belief formed after an inquiry reasonable under the circumstances as of the date of this Answer.  ECS denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below.

## NATURE OF THE ACTION

1.    Paragraph 1 of the Complaint does not contain allegations that require a response.  To the extent a response is deemed required, ECS denies each and every allegation in paragraph 1 of the Complaint.

2.    As to paragraph 2 of the Complaint, ECS denies the allegations contained therein.

3.    As to paragraph 3 of the Complaint, ECS denies the allegations contained therein.

## JURISDICTION AND VENUE

4.    As to paragraph 4 of the Complaint, ECS denies the allegations contained therein.  To the contrary, ECS alleges that, pursuant to 28 U.S.C. § 1331, subject matter jurisdiction is proper in this United States District Court, Southern District of California, because Plaintiff asserts claims under the Fair Credit Reporting Act, thus instilling the Court with original jurisdiction.

5.    As to paragraph 5 of the Complaint, ECS admits that jurisdiction over Plaintiff's FCRA claims is proper in this United States District Court, Southern District of California, pursuant to 15 U.S.C § 1681p.  ECS denies the remaining allegations in paragraph 5.

6.    As to paragraph 6 of the Complaint, ECS admits that this United States District Court, Southern District of California, has jurisdiction over ECS.  ECS denies the remaining allegations in paragraph 6.

7.      As to paragraph 7 of the Complaint, ECS admits that venue is proper in this United States District Court, Southern District of California.  ECS denies the remaining allegations in paragraph 7.

8.      Paragraph 8 of the Complaint does not contain allegations that require a response.  To the extent a response is deemed required, ECS denies each and every allegation in paragraph 8 of the Complaint.

## THE PARTIES

9.      As to paragraph 9 of the Complaint, ECS is without knowledge or information to form a belief as to the truth of the allegation set forth therein, and, on that basis, denies each and every allegation set forth thereinto paragraph 9 of the Complaint.

10.      As to paragraph 10 of the Complaint, ECS admits that it is a Delaware limited liability company doing business in California.  ECS denies the remaining allegations in paragraph 10.

11.      Paragraph 11 of the Complaint does not contain allegations that require a response.  To the extent a response is deemed required, ECS denies each and every allegation in paragraph 11 of the Complaint.

12.      As to paragraph 12 of the Complaint, ECS denies the allegations contained therein.

13.      As to paragraph 13 of the Complaint, ECS denies the allegations contained therein.

14.      As to paragraph 14 of the Complaint, ECS denies the allegations contained therein.

15.      As to paragraph 15 of the Complaint, ECS denies the allegations contained therein.

16.      As to paragraph 16 of the Complaint, ECS denies the allegations contained therein.

## STATUTORY BACKGROUND OF THE FCRA

17.     ECS is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and, therefore, denies the same.

18.     As to paragraph 18 of the Complaint, to the extent that this paragraph is a conclusion of law, no answer is required, and it is deemed to be denied. Additionally, to the extent that the paragraph purports to represent the substance of 15 U.S.C § 1681, that statute speaks for itself and ECS denies those allegations to the extent that they differ from the statute.  ECS denies the remaining allegations in paragraph 18.

19.     As to paragraph 19 of the Complaint, to the extent that this paragraph is a conclusion of law, no answer is required, and it is deemed to be denied.   To the extent that the paragraph purports to represent the substance of various federal statutes, those statutes and speak for themselves and ECS denies those allegations to the extent that they differ from the statutes.  Additionally, to the extent that the paragraph purports to represent the alleged "require[ments]" of Congress, ECS denies Plaintiff's representations of the same.  ECS denies the remaining allegations in paragraph 19.

20.     As to paragraph 20 of the Complaint, to the extent that this paragraph is a conclusion of law, no answer is required, and it is deemed to be denied.   To the extent that the paragraph purports to represent the substance of various federal statutes, those statutes and speak for themselves and ECS denies those allegations to the extent that they differ from the statutes.  ECS denies the remaining allegations in paragraph 20.

21.     As to paragraph 21 of the Complaint, to the extent that this paragraph is a conclusion of law, no answer is required, and it is deemed to be denied.   To the extent that the paragraph purports to represent a position or positions taken by the Federal Trade Commission, ECS denies Plaintiff's representations of the same. Additionally, to the extent that paragraph 21 purports to represent the substance of a

statement made by the Federal Trade Commission, that statement speaks for itself and ECS denies the allegations to the extent that they differ from said statement. ECS denies the remaining allegations in paragraph 21.

22.    As to paragraph 22 of the Complaint, to the extent that this paragraph is a conclusion of law, no answer is required, and it is deemed to be denied.  ECS denies all remaining allegations in paragraph 22.

23.    As to paragraph 23 of the Complaint, to the extent that this paragraph is a conclusion of law, no answer is required, and it is deemed to be denied. Additionally, to the extent that paragraph 23 purports to represent the holding of a Ninth Circuit appellate decision, that decision speaks for itself and ECS denies the allegations to the extent that they differ from said holding.  ECS denies all remaining allegations in paragraph 23.

24.    As to paragraph 24 of the Complaint, to the extent that this paragraph is a conclusion of law, no answer is required, and it is deemed to be denied. Additionally, to the extent that paragraph 24 purports to represent the holding of a Ninth Circuit appellate decision, that decision speaks for itself and ECS denies the allegations to the extent that they differ from said holding.  ECS denies all remaining allegations in paragraph 24.

## **STATUTORY BACKGROUND OF THE ICRAA**

25.    As to paragraph 25 of the Complaint, to the extent that this paragraph is a conclusion of law, no answer is required, and it is deemed to be denied.  ECS denies all remaining allegations in paragraph 25.

26.    As to paragraph 26 of the Complaint, to the extent that this paragraph is a conclusion of law, no answer is required, and it is deemed to be denied.  ECS denies all remaining allegations in paragraph 26.

27.    As to paragraph 27 of the Complaint, to the extent that this paragraph is a conclusion of law, no answer is required, and it is deemed to be denied.   To the extent that the paragraph purports to represent the alleged "requirements" of the

ICRAA, the ICRAA, by and through its statutory framework and those judicial decisions interpreting the same, speaks for itself and ECS denies the allegations to the extent that they differ from said statutory framework and judicial decisions. ECS denies the remaining allegations in paragraph 27.

28.    As to paragraph 28 of the Complaint, ECS denies the allegations contained therein.

## **GENERAL ALLEGATIONS**

29.    As to paragraph 29 of the Complaint, ECS admits that, as part of its hiring process, it commonly requests authority from the job applicant to obtain a consumer report pertaining to the job applicant.   ECS is without sufficient knowledge or information so as to form a belief as to the truth of the timing or other specifics regarding Plaintiff's alleged experience as an ECS job applicant and, therefore, denies the same.   ECS denies all remaining allegations contained in paragraph 29.

30.    As to paragraph 30 of the Complaint, ECS admits that, as part of its hiring process, it commonly procures and reviews a consumer report pertaining to the job applicant.  ECS is without sufficient knowledge or information so as to form a belief as to the truth of the timing or other specifics regarding Plaintiff's alleged experience as an ECS job applicant and, therefore, denies the same.  ECS denies all remaining allegations contained in paragraph 30.

31.    As to paragraph 31 of the Complaint, to the extent that this paragraph is a conclusion of law, no answer is required, and it is deemed to be denied.  ECS denies all remaining allegations in paragraph 31.

32.    As to paragraph 32 of the Complaint, to the extent that this paragraph is a conclusion of law, no answer is required, and it is deemed to be denied. Additionally, to the extent that paragraph 32 purports to represent statutory language under the FCRA, that language speaks for itself and ECS denies the allegations to

the extent that they differ from said statutory language.  ECS denies all remaining allegations in paragraph 32.

33.    As to paragraph 33 of the Complaint, ECS admits that a copy of a document apparently titled "Background Investigation Authorization and Release of Liability" is attached to the Complaint as Exhibit 1.  ECS denies all remaining allegations contained in paragraph 33.

34.    Paragraph 34 of the Complaint does not contain allegations that require a response.  To the extent a response is deemed required, ECS denies each and every allegation in paragraph 34 of the Complaint.

35.    As to paragraph 35 of the Complaint, ECS is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.  ECS denies all remaining allegations contained in paragraph 35.

36.    As to paragraph 36 of the Complaint, ECS is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.  ECS denies all remaining allegations contained in paragraph 36.

37.    As to paragraph 37 of the Complaint, ECS denies the allegations contained therein.

38.    As to paragraph 38 of the Complaint, ECS denies the allegations contained therein.

39.    As to paragraph 39 of the Complaint, ECS denies the allegations contained therein.

40.    As to paragraph 40 of the Complaint, to the extent that this paragraph is a conclusion of law, no answer is required, and it is deemed to be denied. Additionally, to the extent that paragraph 40 purports to represent alleged statutory requirements, the applicable statutes speak for themselves and ECS denies the

allegations to the extent that they differ from the applicable statutory language. ECS denies all remaining allegations in paragraph 40.

41.    As to paragraph 41 of the Complaint, ECS denies the allegations contained therein.

42.    As to paragraph 42 of the Complaint, ECS denies the allegations contained therein.

43.    As to paragraph 43 of the Complaint, ECS denies the allegations contained therein.

44.    As to paragraph 44 of the Complaint, to the extent that this paragraph is a conclusion of law, no answer is required, and it is deemed to be denied.

45.    As to paragraph 45 of the Complaint, ECS is without sufficient knowledge or information so as to form a belief as to the truth of the allegations therein and, therefore, denies the same. ECS denies all remaining allegations contained in paragraph 45.

46.    As to paragraph 46 of the Complaint, ECS is without sufficient knowledge or information so as to form a belief as to the truth of the allegations therein and, therefore, denies the same. ECS denies all remaining allegations contained in paragraph 46.

47.    As to paragraph 47 of the Complaint, ECS denies the allegations contained therein.

48.    As to paragraph 48 of the Complaint, to the extent that this paragraph is a conclusion of law, no answer is required, and it is deemed to be denied. ECS denies all remaining allegations in paragraph 48.

49.    As to paragraph 49 of the Complaint, to the extent that this paragraph is a conclusion of law, no answer is required, and it is deemed to be denied. ECS denies all remaining allegations in paragraph 49.

50.     As to paragraph 50 of the Complaint, to the extent that this paragraph is a conclusion of law, no answer is required, and it is deemed to be denied.  ECS denies all remaining allegations in paragraph 50.

51.     As to paragraph 51 of the Complaint, ECS denies the allegations contained therein.

52.     As to paragraph 52 of the Complaint, ECS denies the allegations contained therein.

53.     As to paragraph 53 of the Complaint, the copy of a document apparently titled "Background Investigation Authorization and Release of Liability" attached to the Complaint as Exhibit 1 speaks for itself.  ECS denies all remaining allegations in paragraph 53.

## **CLASS ACTION ALLEGATIONS**

54.     Paragraph 54 of the Complaint does not contain allegations that require a response.  To the extent a response is deemed required, ECS denies each and every allegation in paragraph 54 of the Complaint.

55.     As to paragraph 55 of the Complaint, to the extent that this paragraph is a conclusion of law, no answer is required, and it is deemed to be denied.  ECS denies all remaining allegations in paragraph 55.

56.     Paragraph 56 of the Complaint does not contain allegations that require a response.  To the extent a response is deemed required, ECS denies each and every allegation in paragraph 56 of the Complaint.

57.     Paragraph 57 of the Complaint does not contain allegations that require a response.  To the extent a response is deemed required, ECS denies each and every allegation in paragraph 57 of the Complaint.

58.     Paragraph 58 of the Complaint does not contain allegations that require a response.  To the extent a response is deemed required, ECS denies each and every allegation in paragraph 58 of the Complaint.

59.     As to paragraph 59 of the Complaint, ECS denies that Plaintiff has any "right" to amend or modify the class description under any statutory framework including, but not limited to, the California Rules of Court.   ECS denies all remaining allegations in paragraph 59.

60.     As to paragraph 60 of the Complaint, to the extent that this paragraph is a conclusion of law, no answer is required, and it is deemed to be denied. Additionally, ECS denies that this action may be maintained as a Class Action, that there is "a well-defined community of interest in the litigation," and that the proposed Class "is easily ascertainable."   ECS denies all remaining allegations in paragraph 60.

61.     As to paragraph 61 of the Complaint, ECS denies the allegations contained therein.

62.     As to paragraph 62 of the Complaint, ECS denies the allegations contained in paragraph 62.

63.     As to paragraph 63 of the Complaint, ECS denies the allegations contained therein.

64.     As to paragraph 64 of the Complaint, ECS denies the allegations contained therein.

65.     As to paragraph 65 of the Complaint, ECS denies the allegations contained therein.

66.     As to paragraph 66 of the Complaint, ECS denies the allegations contained therein.

67.     As to paragraph 67 of the Complaint, ECS denies the allegations contained therein.

68.     As to paragraph 68 of the Complaint, ECS denies the allegations contained therein.

69.     As to paragraph 69 of the Complaint, ECS denies the allegations contained therein.

70.    As to paragraph 70 of the Complaint, ECS denies the allegations contained therein.

71.    As to paragraph 71 of the Complaint, ECS denies the allegations contained therein.

72.    As to paragraph 72 of the Complaint, ECS is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

73.    As to paragraph 73 of the Complaint, ECS denies the allegations contained therein.

## FIRST CAUSE OF ACTION

### Class Claim for Violations of the Fair Credit Reporting Act

(Against All Defendants)

74.    ECS incorporates by reference its responses to each and every allegation in the preceding paragraphs as though fully set forth herein.

75.    As to paragraph 75 of the Complaint, to the extent that this paragraph is a conclusion of law, no answer is required, and it is deemed to be denied.  ECS denies all remaining allegations in paragraph 75.

76.    As to paragraph 76 of the Complaint, 15 U.S.C § 1681b(b)(2)(A) speaks for itself.  ECS denies all remaining allegations in paragraph 76.

77.    As to paragraph 77 of the Complaint, to the extent that this paragraph is a conclusion of law, no answer is required, and it is deemed to be denied.  ECS denies all remaining allegations in paragraph 77.

78.    As to paragraph 78 of the Complaint, the copy of a document apparently titled "Background Investigation Authorization and Release of Liability" attached to the Complaint as Exhibit 1 speaks for itself.  ECS denies all remaining allegations in paragraph 78.

79.     As to paragraph 79 of the Complaint, to the extent that this paragraph is a conclusion of law, no answer is required, and it is deemed to be denied.  ECS denies all remaining allegations in paragraph 79.

80.     As to paragraph 80 of the Complaint, to the extent that this paragraph asserts conclusions of law, and what ECS may or may not "argue," no answer is required, and it is deemed to be denied.  Additionally, the holdings, conclusions, and statements made by the various federal and state court decisions identified in paragraph 80 speak for themselves.  ECS denies all remaining allegations in paragraph 80.

81.     As to paragraph 81 of the Complaint, ECS denies the allegations contained therein.

82.     As to paragraph 82 of the Complaint, ECS denies the allegations contained therein.

83.     As to paragraph 83 of the Complaint, ECS denies the allegations contained therein.

84.     As to paragraph 84 of the Complaint, ECS denies the allegations contained therein including, but not limited to, each and every allegation in subpart a, subpart b, subpart c, subpart d, subpart e, subpart f, and subpart g.

85.     As to paragraph 85 of the Complaint, ECS denies that Plaintiff and the Class are entitled to damages of any kind or in any amount, whether statutory or otherwise.  ECS denies all remaining allegations in paragraph 85.

86.     As to paragraph 86 of the Complaint, ECS denies that Plaintiff and the Class are entitled to punitive damages in any amount.  ECS denies all remaining allegations in paragraph 86.

87.     As to paragraph 87 of the Complaint, ECS denies that Plaintiff and the Class are entitled to recovery of costs of suit with reasonable attorneys' fees of any kind or in any amount, whether statutory or otherwise.  ECS denies all remaining allegations in paragraph 87.

## SECOND CAUSE OF ACTION

### (Individual Claims for Violation of the California Investigative Consumer Reporting Agencies Act (Civ Code § 1786, *et seq*.)

(Against All Defendants)

88.     ECS incorporates by reference its responses to each and every allegation in the preceding paragraphs as though fully set forth herein.

89.     ECS incorporates by reference its responses to each and every allegation in the preceding paragraphs as though fully set forth herein.

90.     As to paragraph 90 of the Complaint, to the extent that this paragraph is a conclusion of law, no answer is required, and it is deemed to be denied.  ECS denies all remaining allegations in paragraph 90.

91.     As to paragraph 91 of the Complaint, to the extent that this paragraph is a conclusion of law, no answer is required, and it is deemed to be denied. Additionally, the language found in Civ. Code § 1786.16, subd. (a)(2)(B) speaks for itself.  ECS denies all remaining allegations in paragraph 91.

92.     As to paragraph 92 of the Complaint, ECS denies the allegations contained therein.

93.     As to paragraph 93 of the Complaint, ECS denies the allegations contained therein.

94.     As to paragraph 94 of the Complaint, ECS denies that Plaintiff is entitled to damages of any kind or in any amount, whether statutory or otherwise. ECS denies all remaining allegations in paragraph 94.

95.     As to paragraph 95 of the Complaint, ECS denies that Plaintiff is entitled to recovery of costs of suit with reasonable attorneys' fees of any kind or in any amount whatsoever.  ECS denies all remaining allegations in paragraph 95.

## PRAYER FOR RELIEF

On the First Cause of Action: ECS denies that Plaintiff, on behalf of all putative Class Members, is entitled to a judgment against ECS.  Specifically, ECS

denies that this action may proceed as a Class action, that Plaintiff is an appropriate representative of any Class, that ECS violated any rights of Plaintiff and/or a Class, that ECS violated FCRA pursuant to 15 U.S.C § 1681n(a)(1)(A), that Plaintiff and the Class are entitled to damages of any kind or in any amount (whether statutory or otherwise), that Plaintiff and the Class are entitled to prejudgment or post-judgment interest, and that Plaintiff and the class are entitled to recovery of attorneys' fees and costs.

On the Second Cause of Action: ECS denies that Plaintiff is entitled to a judgment against ECS. Specifically, ECS denies that it violated any rights of Plaintiff under the ICRAA, that Plaintiff is entitled to damages of any kind or in any amount (whether statutory or otherwise), that Plaintiff is entitled to recovery of costs of suit of any kind whatsoever, and that Plaintiff and the Class are entitled to prejudgment or post-judgment interest.

ECS respectfully requests that the Court enter an Order and Judgment that Plaintiff and the putative Class take nothing by way of their allegations, claims, and causes of action against ECS, dismissing this action with prejudice and awarding to ECS its costs and reasonable attorneys' fees.

## **AFFIRMATIVE DEFENSES**

## **FIRST AFFIRMATIVE DEFENSE**

### (Failure to State a Cause of Action)

The alleged causes of action in the Complaint, and each of them, fail to state facts sufficient to constitute a cause of action and fail to state a claim upon which relief can be granted.

## **SECOND AFFIRMATIVE DEFENSE**

### (Uncertainty)

Plaintiff and the putative Class's claims against ECS are barred because the alleged causes of action, and each of them, are uncertain, ambiguous and/or unintelligible.

### THIRD AFFIRMATIVE DEFENSE

(Intervening or Superseding Acts of Third Parties)

Plaintiff and the putative Class's damages, if any, resulted from the acts or omissions of third parties over whom ECS had no control.  The acts of such third parties constitute intervening or superseding causes of the harm, if any, suffered by Plaintiff and the putative Class.

### FOURTH AFFIRMATIVE DEFENSE

(Waiver)

Plaintiff and the putative Class's claims are barred in whole or in part by the equitable doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

(No Actual Loss or Harm)

Plaintiff and the putative Class have not suffered an actual loss or harm as a result of any actions by ECS.

### SIXTH AFFIRMATIVE DEFENSE

(Set Off)

ECS is entitled to set offs to all of Plaintiff and the putative Class's claims as set forth in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

(Detrimental Reliance)

ECS has relied upon the actions and inactions of Plaintiff and the putative Class all to ECS's detriment.

### EIGHTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Plaintiff and the putative Class have engaged in careless, negligent, and other wrongful conduct and are therefore barred from recovering any relief against ECS by the doctrine of unclean hands.

///

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff and the putative Class are, by their own conduct, representations, and omissions, barred from asserting any claims or damages or from seeking other relief from ECS by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

### (Compliance with Applicable Laws)

Plaintiff and the putative Class's claims are barred, in whole or in part, by reason of ECS's compliance with all applicable laws, statutes, and regulations.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Valid Business Purpose)

The claims in the Complaint are barred because the alleged conduct of ECS was at all times justified, fair, and undertaken in the good faith exercise of a valid business purpose.

## TWELFTH AFFIRMATIVE DEFENSE

### (Apportionment)

ECS is not legally responsible for any damages claimed by Plaintiff and the putative Class. If, however, ECS is found to be legally responsible, ECS's legal responsibility is not the sole and proximate cause of any injury, and damages awarded to Plaintiff and the putative Class, if any, should be apportioned according to the respective fault and legal responsibility of all parties, persons and entities, and/or the agents, servants and employees who contributed to and/or caused said incidents according to proof presented at the time of trial.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Damages Not Ascertainable)

Some or all of the claims for damages in the Complaint are barred because the damages alleged, if any, are not ascertainable in their nature and origin, and therefore cannot be recovered pursuant to California Civil Code section 3301.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Discharge)

Any purported obligation alleged in the Complaint that WCS may have owed to Plaintiff and the putative Class has been discharged and extinguished.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Fault of Plaintiff)

Plaintiff and the putative Class have been damaged, if at all, in whole or in part, by virtue of their own acts and omissions and by the acts and omission of their own agents and employees, and to that extent, the damages alleged, if any, must be diminished in whole or in part according to proof thereof at the time of trial.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

None of the acts, conduct and/or omissions attributed to ECS in the Complaint may be regarded as the actual or proximate cause of any damages Plaintiff and the putative Class seeks to recover.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

At all times referenced in the Complaint, ECS acted in good faith and did not directly or indirectly induce any act or acts contributing to the alleged damages suffered by Plaintiff and the putative Class.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiff and the putative Class, by their own acts and/or omissions, are barred from any recovery against ECS based on the doctrine of unjust enrichment.

## NINTEENTH AFFIRMATIVE DEFENSE

### (Conduct Privileged)

Some or all of the claims for damages in the Complaint are barred in that ECS's actions in connection with the matters alleged were done in good faith and

based on its legitimate economic interest and within the course and scope of its authority and were, therefore, privileged.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Conduct Justified)

Without admitting the truth of the allegations in the Complaint (the truth of which ECS, in fact, denies), ECS's conduct regarding the matters alleged in the Complaint was justified, and Plaintiff and the putative Class are barred from any recovery against ECS.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff and the putative Class have failed to exercise reasonable care and diligence to avoid loss and to minimize or mitigate the damages, if any, that they claim to have suffered.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff and the putative Class unreasonably delayed in asserting the allegations in the Complaint. Therefore, some or all of Plaintiff and the putative Class's claims are barred by the equitable doctrine of laches.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Reservation of Rights to Assert Additional Defenses)

ECS has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery proceedings. ECS further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines are not applicable during the course of subsequent discovery. Nothing stated herein constitutes a concession as to whether or not Plaintiff and the putative Class bear the burden of proof on any issue.

## **PRAYER**

WHEREFORE, ECS prays for judgment as follows:

1.    That the Complaint and all claims against ECS be dismissed with prejudice;

2.    That Plaintiff and the putative Class take nothing by reason of the Complaint on file herein;

3.    For judgment in favor of ECS and against Plaintiff and the putative Class on each and every cause of action alleged in the Complaint;

4.    For ECS's costs and expenses incurred in this action including, but not limited to, its reasonable attorneys' fees incurred herein; and

5.    For such other and further relief as the Court deems just and proper.

[Remainder of page intentionally left blank.]

1

**DEMAND FOR JURY TRIAL**

2        In accordance with Federal Rules of Civil Procedure, Rule 38(b), ECS

3   demands a trial by jury on all issues so triable.

4

5

6   DATED: December 14, 2021   PEREZ VAUGHN & FEASBY Inc.

7

8                                By:  /s/ Christopher W. Rowlett

9                                     Christopher W. Rowlett
                                      *Attorneys for Defendant*
10                                    Electronic Control Systems, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## __CERTIFICATE OF SERVICE__

2        I further certify that on December 14, 2021, I electronically filed the

3  foregoing document with the Clerk of Court using the CM/ECF system which will

4  send notice to all counsel of record in this matter.

5        Executed on this 14th day of December, 2021 at San Diego, California.

6

7                          BY:  /s/ Christopher W. Rowlett

8                               Christopher W. Rowlett

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28